UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BOSSET,

    Plaintiff,

v.                                      CASE NO: 8:08-cv-365-T-23TBM

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

**ORDER**

    The plaintiff persistently interferes with the government's efforts to collect taxes and wastes scarce judicial resources by filing frivolous complaints against the United States and its agencies and employees. This lawsuit is nearly identical with two earlier actions, Bosset v. United States et al., No. 8:07-cv-967-JSM-MAP (M.D. Fla. filed June 5, 2007) and Bosset v. United States et al., No. 8:07-cv-314-SCB-TBM (M.D. Fla. filed Feb. 20, 2007), and substantially similar to the plaintiff's latest effort, Bosset v. United States et al., No. 8:08-cv-593-SDM-MAP (M.D. Fla. filed Mar. 31, 2008). The plaintiff's "Verified Complaint for Damages under 26 U.S.C. Section 7431 for Violation of 26 U.S.C. Section 6103 Privacy Act and Libel of Review, and Complaint of Servitude and Peonage. In Rem Regarding All Property and Rights to Property of Bosset and his Estate" (Doc. 1) alleges that the defendants wrongfully disclosed the plaintiff's income tax return information by filing a notice of federal tax lien and serving notices of levy as part of efforts to collect unpaid tax liabilities. The allegation that the defendants filed a notice of federal tax lien in Pinellas County (Doc. 1 ¶¶ 17, 39) rather than in Hernando

County[1] or Pasco County[2] appears to be the complaint's distinguishing characteristic. Otherwise, the complaint challenges the same conduct and asserts the same legal theories that were rejected in the plaintiff's earlier Section 7431 (and other) cases.

The defendants move (Doc. 17) to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure. The motion is due to be granted for the reasons set forth in the earlier actions, see, e.g., Bosset v. United States et al., No. 8:07-cv-967-JSM-MAP, 2007 WL 3034656 (M.D. Fla. Oct. 16, 2007); Bosset et al. v. Internal Revenue Service, No. 8:05-cv-1015-T-24MSS (M.D. Fla. Mar. 6, 2007), and in the defendants' motion.

Accordingly, the defendants' motion (Doc. 17) is **GRANTED** as follows. The plaintiff's claims against the United States and against John W. Shatraw, Bryan Morris, Don Townshend, Eugene Buchs, Thomas Hull, and Henry Paulson, Jr., in their official capacities are **DISMISSED** pursuant to Rule 12(b)(1) because 26 U.S.C. § 7433 provides the exclusive damages remedy for unauthorized disclosures of tax return information in the course of IRS collection activities[3] and the plaintiff does not purport to have exhausted the available administrative remedies as required by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1.[4] The plaintiff's claims against the Internal Revenue Service are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) because the IRS is not a proper party. An executive department of the United States or

---

[1] See Bosset v. United States et al., No. 8:07-cv-314-SCB-TBM (Doc. 1 ¶¶ 12-13).

[2] See Bosset v. United States et al., No. 8:07-cv-967-JSM-MAP (Doc. 1 ¶¶ 3, 9, 10).

[3] See 26 U.S.C. § 7433(a); Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000); Evans v. United States, 478 F. Supp. 2d 68, 71-72 (D.D.C. 2007).

[4] See Fishburn v. Brown, 125 F.3d 979, 982 (6th Cir. 1997).

one of its agencies may be sued in its own name only if the authority to be sued has been expressly conferred by Congress,[5] and Congress has not authorized the Treasury Department or any of its divisions or bureaus to be sued.[6]  Finally, to the extent the plaintiff purports to state claims against John W. Shatraw, Bryan Morris, Don Townshend, Eugene Buchs, Thomas Hull, and Henry Paulson, Jr., in their individual capacities, the claims are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) because (a) an action against the United States is the exclusive remedy for injuries arising from a negligent or wrongful act or omission of a government employee acting within the scope of his employment, 28 U.S.C. § 2679(b)(1), and (b) no "Bivens action"[7] exists for any alleged constitutional violation resulting from the alleged unauthorized disclosures.[8]  Jurisdiction is retained to consider any motion (see Doc. 17 at 2 n.1) to enjoin the plaintiff from filing further duplicative and harassing lawsuits or for other relief.

ORDERED in Tampa, Florida, on July 9, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5] Blackmar v. Guerre, 342 U.S. 512, 515 (1952)

[6] See Deleeuw v. I.R.S., 681 F. Supp. 402, 404 (E.D. Mich. 1987); Henry Vlietstra Plastering & Acoustical Co. v. I.R.S., 401 F. Supp. 829, 832 (W.D. Mich.1975); Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989) ("The IRS . . . is not an independently suable entity.").

[7] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[8] See, e.g., Fishburn , 125 F.3d at 982; Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1454 (8th Cir. 1994); Krieg v. Mills,  117 F. Supp. 2d 964, 969 (N.D. Cal. 2000) ("In light of the numerous statutory remedies, courts have uniformly refused to recognize a Bivens action for claims arising out of the collection of federal taxes.").